Marc G. Wilhelm, ABA No. 8406054
Rebecca A. Lindemann, ABA No. 1309051
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
mwilhelm@richmondquinn.com
rlindemann@richmondquinn.com

Attorneys for Plaintiff
Associated Indemnity Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ASSOCIATED INDEMNITY CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>WILSON BROTHERS DISTRIBUTING CO., INC., LYNDEN, INCORPORATED, VALDEZ TERMINAL, LLC, and ZASTROW ENTERPRISES, INC.,<br><br>    Defendants. | Case No. 3:15-cv-_____<br><br>**COMPLAINT** |

Plaintiff Associated Indemnity Corporation, by and through counsel, Richmond & Quinn, and for its complaint, states and alleges as follows:

## I. Parties

1. Associated Indemnity Corporation ("AIC") is a California corporation with its principal place of business in California. It is an insurer licensed to do business in Alaska and is in all ways qualified to bring this lawsuit.

2. Wilson Brothers Distributing Co., Inc. ("Wilson Brothers") is, on information and belief, an Alaska corporation with its principal place of business in the State of Alaska.

3. Lynden Incorporated ("Lynden") is, on information and belief, a Washington corporation that has an ownership interest in Valdez Terminal, LLC. Lynden is licensed to do business in Alaska. Its principal place of business is in the State of Washington.

4. Valdez Terminal, LLC is, on information and belief, an Alaska limited liability corporation with its principal place of business in Valdez, Alaska. On information and belief, Alagnak Holdings, LLC is the sole member of Valdez Terminal, LLC. Alagnak Holdings, LLC is an Alaska limited liability corporation with its principal place of business in Washington. On information and belief, Alagnak Holdings, LLC's members are the Jansen Family Trust Company, Lynden, Inc., and Swan Bay Holdings, Inc. The Jansen Family Trust Company is an Alaska corporation with its principal place of business in Anchorage, Alaska. Lynden, Inc. is

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

a Washington corporation with its principal place of business in the State of Washington. Swan Bay Holdings, Inc. is a Washington corporation with its principal place of business in the State of Washington. Valdez Terminal, LLC owns commercial real property commonly known as the Lynden Transport Building, located at 1800 Mineral Creek Loop Road, Valdez, Alaska.

5. Zastrow Enterprises, Inc. ("Zastrow") is an Alaska corporation with its principal place of business in Valdez, Alaska.

## II. Jurisdiction and Venue

6. Under 28 U.S.C. § 1332, this court has jurisdiction over the complaint because complete diversity of citizenship exists between AIC and all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue lies in the District of Alaska because a substantial part of the events giving rise to the claim occurred in Alaska. 28 U.S.C. § 1391(b)(2).

8. This court has jurisdiction over this declaratory judgment under the Declaratory Judgement Act, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

## III. General Allegations

9. AIC issued a policy of insurance to Wilson Brothers with a policy period from August 1, 2011 to August 1, 2012.

10. On December 27, 2011, while using a boom lift to clear snow and ice from the roof of the Lynden Transport Building, a Zastrow employee damaged the building, causing it to collapse. Zastrow alleges that Wilson Brothers directed its activity in removing snow from the roof, which Wilson Brothers denies.

11. Wilson Brothers alleges that Zastrow was retained by Lynden to work on the building. Lynden and Valdez Terminal, LLC claim that Zastrow was hired by Wilson Brothers.

12. On October 22, 2014, Lynden and Valdez Terminal, LLC, filed a first amended complaint in the Superior Court for the State of Alaska, Third Judicial District at Valdez, Case No. 3VA-13-82 CI. See Exhibit A. The first amended complaint alleged that Wilson Brothers agreed to construct certain improvements to the Lynden Transport Building. While the improvements were underway, Wilson Brothers was licensed to occupy and use the building, which it did. Plaintiffs Lynden and Valdez Terminal are seeking property damages in excess of $100,000.

13. Wilson Brothers claims not to have formalized an agreement to work on the Lynden Transport Building and that it had not taken possession of the building by December 27, 2011.

14. Lynden and Valdez Terminal, LLC seek to recover damages from Wilson Brothers under theories of negligence, trespass and/or waste upon real

property, breach of contract, and express indemnity. Lynden and Valdez Terminal, LLC have also alleged claims for negligence and trespass and/or waste upon real property against Zastrow.

15. AIC has agreed, under reservations of rights, to defend Wilson Brothers in the lawsuit brought against it by Lynden and Valdez Terminal, LLC.

16. The Wilson Brothers policy includes coverage for property damage liability.

17. The property damage liability coverage is subject to Exclusion J(1), which excludes coverage for property damage to property Wilson Brothers "rent[s] or occup[ies]."

18. The property damage liability coverage is subject to Exclusion J(5), which excludes coverage for property damage to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the property damage arises out of those operations[.]"

19. The property damage liability coverage also is subject to Exclusion J(6), which excludes coverage for property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because your work was incorrectly performed on it."

Complaint
Associated Indemnity Corp. v. Wilson Brothers Distributing, et al., Case No. 3:15-cv-_____
Page 5 of 7

20. The AIC policy does not provide coverage for the allegations asserted by Lynden and Valdez Terminal in the amended complaint because the claims are excluded under the policy, including but not limited to, by Exclusion J(1), J(5), and/or J(6).

## IV. Request for Declaratory Relief

21. AIC is entitled to a judicial determination of its rights, status and legal obligations under its policy pursuant to 28 U.S.C. § 2201(a).

22. AIC seeks a judicial determination by this court, under 28 U.S.C. § 2201(a), that:

(a) The allegations asserted by Lynden and Valdez Terminal, LLC against Wilson Brothers are excluded from coverage under AIC's policy;

(b) AIC owes no duty to defend Wilson Brothers in the lawsuit brought by Lynden and Valdez Terminal, LLC;

(c) AIC owes no obligations to indemnify Wilson Brothers for any amounts awarded to Lynden and/or Valdez Terminal, LLC in the lawsuit, or for any amounts paid to settle such claims; and

(d) AIC be permitted to withdraw its defense of Wilson Brothers in the Lynden and Valdez Terminal, LLC lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Associated Indemnity Corporation prays for relief as follows:

1. For a declaration that AIC has no obligation to defend or indemnify Wilson Brothers from any claims alleged by Lynden and Valdez Terminal, LLC asserted in the underlying lawsuit;

2. For such costs and attorney's fees as are permitted by law or equity; and

3. That the Court order further relief as it deems just and equitable.

DATED this 23rd day of June, 2015, at Anchorage, Alaska.

RICHMOND & QUINN

By /s/ Marc G. Wilhelm
Marc G. Wilhelm
Alaska Bar No. 8406054
360 K Street, Suite 200
Anchorage, AK 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
mgwilhelm@richmondquinn.com

By /s/ Rebecca A. Lindemann
Rebecca A. Lindemann
Alaska Bar No. 1309051
360 K Street, Suite 200
Anchorage, AK 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
rlindemann@richmondquinn.com

Attorneys for Plaintiff
Associated Indemnity Corporation

108.607\PLD\Complaint